JOHN M. MITCHELL, Petitioner

*vs.*

DOROTHY J. LLOYD

Cumberland.    Opinion January 9, 1928.

*A man who, believing and relying upon a woman's representation that he is responsible for her pregnancy, marries her, cannot have the marriage annulled upon showing merely that, besides himself, another man or men had sexual relations with her at about the time of conception.*

*Such a representation if false and known by the woman to be false, will authorize and justify an annulment decree; not so mere doubt.*

*Prenuptial unchastity is not a ground for annulment of marriage especially at the suit of a man who has participated in it.*

On exceptions.    A petition for annulment of marriage heard by the presiding Justice, who, at the conclusion of all of the evidence, decreed that the marriage be annulled, and respondent excepted. Exceptions sustained.

The case fully appears in the opinion.

*Henry C. Sullivan,* for petitioner.

*Harry E. Nixon,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, BASSETT, PATTANGALL, JJ.

DEASY, J.   Petition for Annulment of Marriage.   The case was heard by the Superior Court without a jury.   The justice found the facts.   His findings may be thus summarized:

The respondent told the petitioner that the child with which she was then pregnant was begotten by him.   He believed her assertion and relying upon it, married her.   About the time of conception she

had sexual relations not only with the petitioner, but (unknown to him) also with one or more other men. She does not know who begat the child. To quote from the finding: "The facts are such that it is not possible, by human agency, to ascertain the parentage of the child." An annulment decree was granted. The respondent excepted.

A petition for annulment of marriage differs widely from an action of tort for deceit. Such an action concerns only the parties. Society has an interest in cases like this.

Moreover if annulment is decreed, the child, who may be legitimate, will be branded as a bastard and barred of inheritance, either from or through the petitioner.

But applying the rule governing recovery in ordinary actions of deceit, the petitioner fails. Though representations as known truth, of matters not known to be untrue, may be the basis of such actions, proof of their falsity must be produced before the plaintiff is entitled to judgment.

In the instant case, the falsity of the representation is not proved and cannot be proved "by human agency."

The Petitioner relies upon the case of *Jackson* vs. *Ruby*, 120 Me. 391. The soundness of that decision is not now questioned.

In his brief the petitioner's learned counsel frankly and felicitously states the distinction between the cases thus:

"In this instance the paternity of the child, pre-nuptially conceived, is, by the trial court's finding, humanly impossible of determination. In the prior case (*Jackson* vs. *Ruby*) the fatherhood of the child was definitely found to have been spurious."

The distinction is vital. Compared, these cases exemplify the wide difference between certainty and possibility; between proof and surmise.

The petitioner's contention, sustained as law, would go far toward holding antenuptial unchastity a ground of annulment, even at the suit of one who participates in it. This doctrine is condemned both by reason and authority. 9 R. C. L. 297. 33 Ann. Cas. 1291.

*Exceptions sustained.*